UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDALL K. FOREMAN,** *et al.*                         **CIVIL ACTION**

**VERSUS**                                              **No. 06-6418**

**AUTO CLUB FAMILY INSURANCE CO.,** *et al.*            **SECTION: I/2**

### ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs, Randall K. and Elizabeth C. Foreman. Defendants are Automobile Club Family Insurance Company ("ACFIC"), Lastrapes Insurance Agency, L.L.C. ("Lastrapes"), J. Craig Moore, and Thomas M. Richard. For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

Plaintiffs suffered damage to their home when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005. Plaintiffs are Louisiana residents and were insured by ACFIC pursuant to a policy arranged by Lastrapes. Plaintiffs allege that Moore was "an authorized representative and claims adjuster" for Lastrapes.[1] Plaintiffs also allege that Richard represented the other defendants as their attorney.[2] Defendants ACFIC and Morice are citizens of Missouri, while defendants Lastrapes and Richard are citizens of Louisiana.[3] Defendants removed plaintiffs' action to federal court, arguing that federal jurisdiction existed pursuant to 28 U.S.C. § 1332 because plaintiffs' joinder of the non-diverse defendants was improper.

---

[1] Rec. Doc. No. 1-2, p. 2 ¶3.

[2] Rec. Doc. No. 1-2, p. 2 ¶4.

[3] Rec. Doc. No. 1, p. 2.

Defendants also argue, alternatively, that federal jurisdiction exists pursuant to 28 U.S.C. § 1369, which conveys jurisdiction pursuant to the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").

*LAW AND ANALYSIS*

**I. Standard of Law**

*A.  Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B.  Improper Joinder*

Defendants assert that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because defendants Lastrapes and Richard have been improperly joined.  There are two ways to establish

improper joinder:  (1) actual fraud in the pleading of jurisdictional facts,[4] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[5]  In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law.  A court may resolve the issue in one of two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  In

---

[4]There are no allegations of actual fraud in the pleading of jurisdictional facts, as no party disputes that plaintiffs and defendants Lastrapes and Richard are Louisiana domiciliaries.  *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981).

[5]The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.,* 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id.*

## II. Discussion

*A. Diversity Jurisdiction and Improper Joinder*

    *1. Richard*

Defendants argue plaintiffs improperly joined defendant Richard to defeat diversity, claiming that plaintiffs have no possibility of recovery in state court for their claims against him. The allegations against Richard in plaintiffs' state court petition are minimal. Plaintiffs' aver that

> [c]o-[d]efendant Thomas M. Richard produced the agreement proffered by J. Craig Morice to "assist in the completion of the inventory by itemizing, photographing, and assessing" the extent and nature of damage to the petitioners' personal property. Mr. Richard then sent a letter dated July 27, 2006 to the petitioners to assist in "properly documenting their claims." This activity was not what had been promised or agreed to, and in fact, the activities undertaken at the petitioners' residence were not in accordance with the procedure which was to have taken place by mutual agreement. Petitioners aver that an opportunity was seized by these defendants [to] sneak around their residence and invade their privacy. This constitutes wrongful and deceitful activity which is in violation of the duty owed by Richard and Morice to deal in good faith and in honesty with the petitioners in the processing, investigation and assessment of their claim.[6]

Plaintiffs also generally allege that these defendants "acted in concert to delay, diminish, protract, and subvert their valid insurance claim, while breaching their duty owed to [plaintiffs]

---

[6]Rec. Doc. No. 1-2, p. 4 ¶11.

of honest forthright dealings."[7]

Defendants contend that plaintiffs cannot hold defendants' attorney, Richard, liable for malpractice or a breach of a professional obligation under Louisiana law.  "Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf."  *Penalber v. Blount*, 550 So. 2d 577, 581 (La. 1989) (citations omitted); *see also Montalvo v. Sondes*, 637 So. 2d 127, 130 (La. 1994); *Arledge v. Hendricks*, 715 So. 2d 135, 139 (La. App. 2d Cir. 1998).  "A non-client, therefore, generally cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation."  *Penalber*, 550 So. 2d at 581.  An attorney may be liable to a non-client for an intentional tort, however.  *Id.* at 578.

Plaintiffs' complaint alleges a violation of the "duty owed by Richard . . . to deal in good faith and in honesty" with plaintiffs.  Plaintiffs' motion to remand, however, does not substantiate this duty with any citation to authority, and the Court finds no independent basis for a duty owed by an attorney to his client's opponent.  Plaintiff's petition presents no allegations as to any intentional tort by Richard, and the Court finds that plaintiffs could not establish a cause of action in state court against this defendant.  Accordingly, defendant Richard will not present an obstacle to federal diversity jurisdiction.

*2. Lastrapes*

Defendants also contend that plaintiffs improperly joined defendant Lastrapes to defeat diversity and that plaintiffs actually have no possibility of recovering against Lastrapes in state

---

[7]Rec. Doc. No. 1-2, p. 4 ¶13.

court.  In their petition, plaintiffs allege that

> co-defendant [Lastrapes] breached its duty owed unto them by not assisting in any way whatsoever in their claims for homeowners insurance that it sold to them and earned commissions therefor, and in fact hindered the claims settlement process by advising Mr. Foreman that American Club Family Insurance Company (AAA) was settling all of its claims with all policy holders, and that there must be something wrong with the petitioners' claims.[8]

The Court finds, however, that plaintiffs's allegations are insufficient to state a claim against defendant Lastrapes.  Plaintiffs have not alleged that defendants failed to procure the proper insurance coverage or advise them as to such.  Instead, plaintiffs' inarticulate pleading suggests that defendants breached a duty to assist them with their claim.  Considering the insurance policy provided by defendants, the Court does not find any contractual duty that defendants may have breached.[9]  Additionally, the Court is unaware of any duty created by Louisiana law by which plaintiffs may assert liability against Lastrapes for failing to assist with plaintiffs' claim, and plaintiffs have not directed the Court to any relevant case law in their motion to remand.  *See, e.g.*, *Ragas v. Tarleton*, No. 06-4197, 2006 U.S. Dist. LEXIS 73702, at *9 (E.D. La. Oct. 10, 2006) (Feldman, J.) ("The fiduciary duty owed by insurance agents and brokers to customers does not include the duty to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer.") (citing *Tomlinson v. Allstate Indem. Co.*, No. 06-617, 2006 U.S. Dist. LEXIS 29394, at *16 (E.D. La. May 12, 2006) (Roby, M.J.)); see also

---

[8] Rec. Doc. No. 1-2, p. 4 ¶12.

[9] Indeed, plaintiffs' policy appears to place the burden of a claim on the insured.  *See* Rec. Doc. No. 12-3, p. 41 ("An Insured's Duties After Loss.  In case of a loss to covered property, you must see that the following duties are complied with.  We have no duty or obligation to provide any coverage under this policy unless you or any insured making a claim under this policy have fully complied with the following conditions and duties.").

*Laporte v. Ray Cvaignac Ins. Agency*, No. 06-7181, 2006 U.S. Dist. LEXIS 93629, at *3 (E.D. La. Dec. 22, 2006) (Berrigan, C.J.). As drafted, plaintiffs' petition fails to establish a cause of action in state court against defendant Lastrapes. Accordingly, this defendant will be dismissed.

The Court finds that the Louisiana defendants, Richard and Lastrapes, were improperly joined and should be dismissed. Complete diversity exists between the parties, and there is no evidence that the amount in controversy has not been met. Therefore, the Court finds that jurisdiction is proper pursuant to 28 U.S.C. § 1332.[10]

### III. Request for Costs

Plaintiffs also request attorney's fees and costs for defendants' allegedly improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiffs' request for attorney's fees and costs.

Accordingly,

---

[10] Because federal diversity jurisdiction exists, the Court finds no need to address defendants' argument with respect to jurisdiction pursuant to the MMTJA. The Court notes, however, that it has rejected such arguments in previous Hurricane Katrina-related cases. *See, e.g.*, *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006).

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, Randall K. and Elizabeth C. Foreman is **DENIED**. The Court finds that defendants Lastrapes Insurance Agency, L.L.C., and Thomas M. Richard have been improperly joined, and plaintiffs' claims against these defendants are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, January __4th__, 2007.

                                                          _____
                                                                **LANCE M. AFRICK**
                                                         **UNITED STATES DISTRICT JUDGE**